# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA § | | |
| § | | |
| v. § | DOCKET NO. | 6:09-cr-108 |
| § | | |
| § | | |
| ROBERT CARL SAMPSON § | | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On July 23, 2013, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Robert Sampson. The government was represented by Nathaniel Kummerfeld, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by F.R. Buck Files, Jr.

Defendant originally pled guilty to the offense of Possession of Material Involving the Sexual Exploitation of Minors, a Class C felony. The offense carried a statutory maximum imprisonment term of 10 years. The United States Sentencing Guideline range, based on a total offense level of 19 and a criminal history category of I, was 30 to 37 months. On March 23, 2010, the Honorable Leonard E. Davis of the Eastern District of Texas sentenced Defendant to 30 months imprisonment followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include sex offender treatment. On December 28, 2011, Defendant completed the term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was required to participate in a sex offender treatment program. In its petition, the government alleges that Defendant violated his term of supervised release by failing to participate in a sex offender treatment program as

directed. Defendant was unsuccessfully terminated from the sex offender treatment program on June 27, 2013.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by failing to participate in the sex offender treatment program, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). The Court may then (a) revoke supervised release; or (b) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). If supervised release is revoked, considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to the government's petition in its entirety. In exchange, the government agreed to recommend that Defendant serve a term of imprisonment of 3 months, with 3 years of supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court **RECOMMENDS** that Robert Sampson be committed to the custody of the Bureau of Prisons for a term of imprisonment of 3 months, with 3 years of supervised release to follow.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 23rd day of July, 2013.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE