**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:09-CR-108** |
| | § | |
| **ROBERT CARL SAMPSON** | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On January 13, 2014, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Robert Carl Sampson. The government was represented by Bill Baldwin, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Wayne Dickey.

Defendant originally pled guilty to the offenses of Possession of Material Involving the Sexual Exploitation of Minors, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The United States Sentencing Guideline range, based on a total offense level of 19 and a criminal history category of I, was 30 to 37 months. On March 23, 2010 U.S. District Judge Leonard Davis of the Eastern District of Texas sentenced Defendant to 30 months imprisonment followed by 5 years supervised release, subject to the standard conditions of release plus special conditions to include sex offender registration; participation in a sex offender treatment program; no unsupervised contact with minors; no possession or viewing of any sexually explicit material; submitting to a search of person and property; computer monitoring software; on-line account information disclosure; financial disclosure; and restrictions on cellular telephones, digital cameras, and other certain electronic devices. On December 28, 2011, Robert Carl Sampson completed his period of imprisonment and began his term of supervised release.

Robert Carl Sampson's initial term of supervised release was revoked on July 29, 2013, and he was sentenced to 3 months imprisonment followed by an additional 3 years of supervised release subject to the standard conditions of release plus special conditions to include sex offender registration; participation in a sex offender treatment program; no unsupervised contact with minors; no possession or viewing of any sexually explicit material; submitting to a search of person and property; computer monitoring software; on-line account information disclosure; financial disclosure; and restrictions on cellular telephones, digital cameras, and other certain electronic devices. On October 17, 2013, Robert Carl Sampson completed his term of imprisonment and began service of the second term of supervised release.

In its petition, the government alleges that Defendant violated his terms of supervised release on December 18, 2013 when the U.S. Probation Office confiscated 13 XXX DVD's from his property, which Defendant admitted he had purchased, and when Defendant did not disclose on his monthly report form that he had been to an adult bookstore in October of 2013.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by committing the offenses of possessing sexual explicit material and failing to submit a truthful report in October 2013, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervised release. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

At the hearing, Defendant pled true to the allegations set forth above. The government recommended 6 months imprisonment, with 3 years supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court **RECOMMENDS** that Robert Carl Sampson be committed to the custody of the Bureau of Prisons for a term of imprisonment of 6 months, with 3 years supervised release to follow. The Court further **RECOMMENDS** that the place of confinement be FCI Seagoville, Texas.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to Chief U.S. District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 13th day of January, 2014.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE